**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**HOPE COMMUNITY CHURCH, an**
**unincorporated nonprofit association,**

        **Plaintiff,**

**v.**                             **CIVIL ACTION NO.: 3:23-CV-231**
                                           **(GROH)**

**THE HONORABLE MAC WARNER,**
**in his official capacity as Secretary**
**of State of the State of West Virginia,**

        **Defendant.**

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

      The pending motion asks the Court to determine whether a portion of the West Virginia Constitution prohibiting churches from incorporating violates the First Amendment of the United States Constitution. The Court concludes that it does.

      This case is before the Court in an unusual posture. Hope Community Church ("the Church") filed a Complaint for declaratory judgment and injunctive relief. Not long after the Defendant West Virginia Secretary of State ("State") filed its Answer, the Church filed a Motion for Judgment on the Pleadings. ECF No. 9. Although the State filed a Response, it does not oppose the Church's Motion for Judgment on the Pleadings. Nonetheless, the parties' agreement to an issue or outcome does not necessarily bind this Court, particularly where the Court is tasked with determining whether a portion of West Virginia's constitution violates the United States Constitution.

## I.    BACKGROUND

The Church challenges West Virginia's constitutional prohibition that prevents churches from incorporating: "No charter of incorporation shall be granted to any church or religious denomination." W. Va. Const. art. VI, § 47. West Virginia is the only State in the country that prohibits churches from incorporating, but that was not always the case. Until April 2002, Virginia's Constitution contained a nearly identical provision. Art. IV §14(20). The District Court for the Western District of Virginia concluded that portion of Virginia's constitution violated plaintiff's First Amendment rights and ordered Virginia to issue a corporate charter to the plaintiff church. See Falwell v. Miller, 203 F. Supp. 2d 624, 633 (W.D. Va. 2002).

After the decision in Falwell, West Virginia's Secretary of State began issuing certificates of incorporation to churches despite the clear prohibition in West Virginia's Constitution. See ECF No. 10 at 2. This practice continued until at least 2022. That year a ballot measure to amend the Constitution, removing the prohibition at issue, was voted down by the electorate in West Virginia. After the vote, the State once again (after a 20-year hiatus) refused to approve the Church's application to incorporate, and this civil action ensued.

## II.    ANALYSIS

"The Free Exercise Clause of the First Amendment, which has been applied to the States through the Fourteenth Amendment provides that 'Congress shall make no law respecting an establishment of religion, or *prohibiting the free exercise thereof* . . . .'" Church of Lukumi Babalu Aye, Inc. v. City of Hialeah., 508 U.S. 520, 531 (1993) (quoting Cantwell v. Connecticut, 310 U.S. 296, 303 (1940)) (cleaned up). "Neutrality and general

applicability are interrelated, and, as becomes apparent in this case, failure to satisfy one requirement is a likely indication that the other has not been satisfied. A law failing to satisfy these requirements must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest." Lukumi, at 531–32.

Here, the State concedes that the provision at issue "certainly treats differently the activity of registering an organization as a corporation for commercial purposes differently (sic) than the activity of registering an organization as a corporation for religious purposes." ECF No. 10 at 4. Recognizing the provision lacks facial neutrality, the Court looks to determine whether this law that burdens religious practice is generally applicable. See, e.g., Emp. Div., Dep't of Hum. Res. of Oregon v. Smith, 494 U.S. 872, 878 (1990) ("It is a permissible reading of the text . . . to say that if prohibiting the exercise of religion . . . is not the object . . . but merely the incidental effect of a generally applicable and otherwise valid provision, the First Amendment has not been offended."). Because this provision is specifically directed at religious organizations, it is not generally applicable. Again, the State has not advanced any argument that the provision is generally applicable; it is not.

West Virginia's prohibition on the incorporation of churches is neither neutral nor generally applicable because it denies incorporation to a defined class of individuals solely based upon their religion. Said another way, every other group in West Virginia may apply for incorporation, but members of "any church or religious denomination" are uniquely prohibited from incorporating the organizations to which they belong. They are therefore denied the benefits of incorporation because of their religious status. See Falwell v. Miller, 203 F. Supp. 2d 624, 631 (W.D. Va. 2002).

Next, the Court's inquiry turns to whether the challenged provision can survive strict scrutiny. The Supreme Court has long held that "only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion." Wisconsin v. Yoder, 406 U.S. 205, 215 (1972). Further, a law restricting religious practice "must be narrowly tailored in pursuit of those interests." Lukumi, 508 U.S. at 546. "A law that targets religious conduct for distinctive treatment or advances legitimate governmental interests only against conduct with a religious motivation will survive strict scrutiny only in rare cases." Id.

As the State acquiesces, this is not one of those rare cases: "after considerable thought and reflection on this, the Secretary has been unsuccessful in identifying any compelling government interest that is advanced by the Incorporation Prohibition." ECF No. 10 at 5. The State has not advanced *any* governmental interest, much less a compelling one, and the Court finds no compelling interest exists in prohibiting "any church or religious denomination" from seeking incorporation.

### III.    CONCLUSION

Because Article VI, Section 47 of the West Virginia Constitution that reads, in part, "[n]o charter of incorporation shall be granted to any church or religious denomination," the Court finds it is not neutral or generally applicable, and it does not further a compelling government interest. Furthermore, the Court holds this provision violates the Church's First Amendment rights to the free exercise of religion, which is applicable to the States through the Fourteenth Amendment.

Therefore, the Church's Motion for Judgment on the Pleadings is **GRANTED**. ECF No. 9. The West Virginia Secretary of State is hereby **ORDERED** that he may not refuse

to issue a certificate of incorporation to the Church based on Article VI, Section 47 of the West Virginia Constitution.

The Clerk of Court is **ORDERED** to enter Judgment in favor of the Plaintiff. The Clerk is further **DIRECTED** to remove this case from the Court's active docket and to transmit copies of this Order to all counsel of record herein.

**DATED**: September 26, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE